# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                                    **NO. 28,934**

**RANDY McKENZIE,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

   Defendant appeals from his possession of methamphetamine conviction, which

was entered pursuant to a guilty plea under which Defendant reserved the right to

appeal the denial of his motion to suppress. [RP 60] In this Court's notice of proposed summary disposition, we proposed to affirm because we proposed to hold that the detention of Defendant was not unreasonable and that, even if it were unreasonable, suppression would not have been appropriate as the evidence was not obtained as the fruit of the unreasonable detention. Defendant has responded with a memorandum in opposition that this Court has considered. As we are not persuaded by Defendant's arguments, we now affirm.

Defendant was a passenger in a vehicle that was stopped by Officer Hinson. [DS 1] Defendant does not challenge this initial detention, and there was apparently no evidence introduced at the hearing regarding why the officer pulled the vehicle over. [DS 1-2] While the vehicle was stopped, Officer Smith arrived in order to help Officer Hinson with the traffic stop. [RP 14] Officer Smith asked Defendant if he had a driver's license so that the police could release the vehicle to him. [DS 1-2] Defendant stated that he did not and that he could walk home. [DS 2] Officer Smith told Defendant to stay in the car, and she went and asked Officer Hinson if Defendant was free to leave. [DS 2] When Officer Hinson said that he was, Officer Smith returned to the vehicle, told Defendant to get out of the car, and then told him that he was free to go. [DS 2] Defendant then dropped a bag on the ground containing methamphetamine. [DS 2] The detention that Defendant claims was unconstitutional

2

occurred during the period that began when Officer Smith told Defendant to stay in the vehicle and ended when Officer Smith told Defendant that he could go. [DS 3]

In evaluating the reasonableness of a detention, this Court must consider "the government's justification for the detention, the character of the intrusion on the individual, the diligence of the police in conducting the investigation, and the length of the detention." *State v. Robbs*, 2006-NMCA-061, ¶ 21, 139 N.M. 569, 136 P.3d 570. In this case, Officer Smith detained Defendant for a period of less than a minute. [RP 52] The character of the intrusion was minimal, as Officer Smith was not questioning or otherwise investigating Defendant, but was merely checking with Officer Hinson to see if he had any reason to detain Defendant further. We believe that this is a valid justification for the extremely brief detention in this case and that Officer Smith acted diligently in determining whether Officer Hinson had any reason to detain Defendant further. This case is distinguishable from *State v. Affsprung*, 2004-NMCA-038, ¶¶ 19-21, 135 N.M. 306, 87 P.3d 1088, because the length of the intrusion, the character of the intrusion, and Officer Smith's justification were different than those of the officer in *Affsprung*: Officer Smith was not detaining Defendant in order to investigate any possible criminal activity on his part. Instead, she was seeking to determine if a fellow officer already had reasonable suspicion to detain him further. This sort of intrusion is not the sort that raised concerns in

*Affsprung*. Accordingly, we conclude that the detention did not violate the constitutional prohibition against unreasonable seizures.

In Defendant's memorandum in opposition, he suggests that Officer Smith's question to Officer Hinson somehow expanded the scope of the detention. [MIO 5-6] We disagree. Officer Smith did not begin a new investigation or attempt to question Defendant about any matters unrelated to the traffic stop. She merely sought to determine whether Officer Hinson's investigation had already provided the police with any reason to detain Defendant further. Such an inquiry was clearly "reasonably related" to what Officer Hinson discovered during his initial stop of the vehicle. *See State v. Duran*, 2005-NMSC-034, ¶ 23, 138 N.M. 414, 120 P.3d 836. Accordingly, we hold that Officer Smith did not expand the scope of Defendant's initial detention.

Furthermore, even if the detention were unconstitutional, the illegality would not require suppression of the methamphetamine. Evidence will only be excluded as the fruit of some prior illegality if "'the evidence to which [the] instant objection is made has been come at by exploitation of that illegality.'" *State v. Wagoner*, 2001-NMCA-014, ¶ 22, 130 N.M. 274, 24 P.3d 306 (quoting *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963)). If the evidence is discovered "by means sufficiently distinguishable to be purged of the primary taint," it need not be suppressed. *Id.* (internal quotation marks and citation omitted).

4

There was no evidence introduced in the district court about Officer Hinson's justification for the initial stop. [MIO 1] Therefore, based on this Court's presumptions about the correctness of the proceedings below, we assume that the initial stop of the vehicle was proper. *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment." (internal quotation marks and citation omitted)). This Court does not see how the discovery of the methamphetamine could be considered to have been obtained by exploiting the brief detention of Defendant in the vehicle after the initial, legal stop. If the original stop of the car had been illegal, we might have concluded that the methamphetamine was the fruit of *that* illegality. However, where we presume that the initial stop was legal, we see nothing in Defendant's additional detention in the vehicle that led to Defendant's own act of dropping the bag of methamphetamine after he was released. Accordingly, even if Defendant was illegally detained for a brief period in the vehicle, the discovery of the methamphetamine was not the fruit of that detention.

For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**